a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HERMISSON RAMON RICO SANCHEZ #A216-546-744, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01314 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHAD WOLF ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 4) filed by *pro se* Petitioner Hermisson Ramon Rico-Sanchez (A#216546744) ("Rico-Sanchez"). Rico-Sanchez is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). He is being detained at the Allen Parish Jail in Oberlin, Louisiana.

Because Rico-Sanchez has been released, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Rico-Sanchez is a native and citizen of Venezuela who was ordered removed in 2019. ECF Nos. 1 at 2, 4 at 2. Rico-Sanchez alleges that he has been in post-removal order detention for more than six months, and his removal is unlikely to occur in the reasonably foreseeable future. ECF Nos. 1 at 6, 4 at 7. Thus, Rico-Sanchez alleges

that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 7.

According to ICE's Online Detainee Locator Service[1], Rico-Sanchez is no longer in custody. Additionally, the Court contacted the office of the United States Attorney for the Western District of Louisiana, which confirmed with ICE that Rico-Sanchez has been released.

II. **Law and Analysis**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Rico-Sanchez has been released, the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex.

---

[1] https://locator.ice.gov/odls/#/index

July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 20, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE